OPINION OF THE COURT
Ellen M. Coin, J.
Defendants are charged with assault in the third degree (Penal Law § 120.00) (two counts), harassment in the second degree (Penal Law § 240.26), petit larceny (Penal Law § 155.25) and criminal possession of stolen property in the fifth degree (Penal Law § 165.40). They move for an order dismissing the *709 fourth and fifth counts of the complaint, charging violations of Penal Law §§ 155.25 and 165.40.
According to the complaint, defendants stole more than 50 copies of the New York Blade News from a sidewalk street box. Defendants allege that the newspapers are not “property” because they are provided to the public free of charge.
Defendants’ argument is predicated on their selective reading of the definition of “property” in Penal Law § 155.00 (1). The statute provides: “ ‘Property’ means any money, personal property, real property, computer data, computer program, thing in action, evidence of debt or contract, or any article, substance or thing of value, including any gas, steam, water or electricity, which is provided for a charge or compensation.” (Emphasis added.)
Defendants argue that in order for personal property to be “property” as defined in Penal Law § 155.00 (1), it must be “provided for a charge or compensation.” The history of the statute negates their contention.
“ ‘Property was initially defined in the instant Penal Law to mean ‘any money, personal property, real property, thing in action, evidence of debt or contract, or any article, substance or thing of value’ [Laws 1967, c. 791] * * *
“In 1978, the definition of‘property was amended to make it clear that ‘property included ‘any gas, steam, water or electricity, which is provided for a charge or compensation’ [Laws 1978, c. 420].” (Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39 [1999 ed], Penal Law art 155, at 168.)
It is clear from the history of the statute that the amendment adding the language “which is provided for a charge or compensation” modified the new addition to the terms encompassed in the definition of “property’, i.e., gas, steam, water or electricity. Indeed, to read the statute as defendants do would also require money to be “provided for a charge or compensation” in order to constitute “property’, a patent absurdity.
Defendants’ real, but unarticulated, argument is that they could not have stolen the newspapers because they are provided gratis to the public. This argument does not address facial sufficiency, but raises a triable issue of fact.
The motion to dismiss is denied.